■ JAMES D. RYAN et al., Doing Business as NEW HARTFORD LAND COMPANY, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 50486.) (Appeal No. 1.) — Judgment unanimously reversed on the law and facts, without costs, and a new trial granted. Memorandum: On May 2, 1968 the State appropriated for highway purposes a total of 2.705 acres from two adjoining parcels of land in the Town of New Hartford. One parcel was owned by John Ryan, William Ryan and Donald Van Waes, doing business as New Hartford Land Company, and the other by the same individuals doing business as Chenango Park. The two parcels had a total area of 9.74 acres and were purchased on April 12, 1966 from Niagara Mohawk Power Corporation for $60,000. ¶ Claimants' appraiser testified that the taking resulted in direct damages of $151,424 and consequential damages of $21,576. He stated that he relied primarily on two sales of property, one in 1958 and the other in 1961. The "sale" in 1961 was actually an appropriation award and evidence of it was properly stricken by the court. The sale in 1958 does not support the award since it is not comparable to the subject property. It was remote in time, comprised only one acre, had better access and claimants' appraiser failed to make the required specific adjustments. (*Geffen Motors* v. *State of New York,* 33 A D 2d 980.) ¶ The State's appraiser testified that the taking resulted in direct damages of $27,800 and no consequential damages. He stated that he relied primarily on three sales. Two of these were not comparable to the subject property because of differences in location, accessibility and use, and the adjustments made were insufficient. The other sale was the purchase by claimants of the subject property. Generally, a recent sale of the subject premises is the best evidence of value. (*Dipson Realty Co.* v. *State of New York,* 39 A D 2d 636.) However, in this instance, it does not reflect the value of the subject property at the time of appropriation. The evidence supports the trial court's finding that "Niagara Mohawk sold this property for an extremely favorable buyer's price." The subject property was close to Niagara Mohawk's executive and administrative offices and service center and the contract of sale provided that Niagara Mohawk desired to "improve the lands

adjoining its service center" and that it had the right "to inspect and approve of Purchaser's proposed plans of development." Also, the value of the property was substantially enhanced between April 12, 1966 and May 2, 1968. Plans for development of an office complex had been prepared and a sewer permit had been obtained. Bids for construction had been received and financing had been arranged. Further, the State's appraiser failed to consider a lease of the Chenango Park property that was entered into two months after the appropriation. Under the lease Chenango Park was to receive a minimum rental of $15,000 per year for 50 years. Finally, the State's appraiser allocated an April 28, 1967 date to the sale and made an upward adjustment of one year from April 28, 1967 to May 2, 1968. April 28, 1967 is the date the property was conveyed to claimants, but since the price was set in the contract dated April 12, 1966, we believe there should have been a two-year adjustment in the price. ¶ Because of the inadequacy of the proof, a new trial should be had. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Del Vecchio, J. P., Witmer, Moule, Cardamone and Henry, JJ.